**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| SKANSKA USA BUILDING INC. | * |
|     Plaintiff, | * |
|     v. | *   Case No. 1:16-CV-00933 SAG |
| J.D. LONG MASONRY, INC., | * |
|     Defendant. | * |

**RESPONSE OF J.D. LONG MASONRY, INC. TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT COMPENSATORY DAMAGES, PRE-JUDGMENT INTEREST, AND ATTORNEYS' FEES**

The Defendant, J.D. Long Masonry, Inc. ("Long"), in response to the Motion of Plaintiff Skanska USA Building, Inc. ("Skanska") for Summary Judgment on Compensatory Damages, Pre-Judgment Interest, and Attorneys' Fees, states as follows:

**I.   Nature of Case and Claims**

As a preliminary matter, Long disputes Skanska's characterization of the Nature of the Case and Claims as set forth in Skanska's Supporting Memorandum (**ECF No. 81-1, pgs. 19-20 of 27**) that Long's erroneous interpretation of the statute of limitations resulted in the instant litigation consuming more than three years of the parties and Court's time.  Long notes that its initial Motion for Summary Judgment on the Issue of Statue of Limitations was filed on September 22, 2016.  After briefing, Judge Motz issued his Memorandum Opinion on January 17, 2017 (**ECF No. 30**) and agreed with Long's position that Skanska's claim was subject to the standard statute of limitations for breach of contract claims and that accrual thereof should be evaluated according to Maryland's discovery rule, stating:

> Skanska's breach of contract claim against Long is principally based on Long's allegedly defective masonry work and Long's non-

> compliance with the remediation terms of the subcontract, and Skanska is seeking to recover economic damages it expects to incur as costs of repair to the façade. (See ECF No. 1 ¶¶ 36-41). As Long points out, Skanska is not seeking damages relating to injuries of persons or property resulting from the incident. (See ECF No. 29, p. 3). Accordingly, Skanska's claim is subject to the standard statute of limitations for breach of contract claims, and accrual will be evaluated according to Maryland's discovery rule.
> **ECF No. 30, p. 7 of 13, fn 2**.

Thereafter, on February 3, 2017, the Court issued a Scheduling Order (**ECF No. 33**). On March 9, 2017, the parties filed a joint request to the Court to modify all dates in the Scheduling Order by six weeks (**ECF No. 36**). As stated therein (¶ 7), the request was based on the fact that Skanska's investigation and repair work to the BRC Building was still ongoing, and until the work is completed, final information regarding the scope and nature of the required repairs would not be available and Skanska's damages in this case could not be finally quantified. The joint request was granted by the Court on March 10, 2017 (**ECF # 37**).

Thereafter, on April 24, 2017, the parties jointly requested a second extension of time (**ECF # 39**) and, as set forth in paragraph 8 thereof: "On the basis that Skanska's investigation and repair work to the BRC Building is still ongoing." On April 25, 2017 the Court granted the joint motion to further modify the Scheduling Order (**ECF # 40**).

Thereafter, on July 13, 2017, the parties filed a Joint Motion to Stay the Case (**ECF # 43**) with Skanska again informing the Court that the ongoing repairs were likely to take an additional 6-8 months to complete and that Skanska was not able to fully quantify its damages until the remediation work was completed. On July 17, 2017, the Court granted the Motion to Stay the Case (**ECF # 44**).

Over one year later, the parties filed a Joint Status Report with the Court on September 10, 2018 (**ECF # 47**), in which Skanska informed the Court the remediation work was still ongoing,

that Skanska and the Government continued to discuss the scope of Skanska's remediation effort, and that Skanska would update the Court on the precise timing for the lifting of the stay. The parties requested that the stay presently remain in place.

Following a telephone Scheduling Conference with the Court, Judge Bennett issued an Order on September 14, 2018, in which he ruled that the case would remained stayed until October 7, 2018, pursuant to the Court's most recently Margin Order (**ECF # 48, ECF # 49**).

As the foregoing procedural history clearly establishes, while Skanska instituted the present lawsuit on March 29, 2016, it in fact was not ready to proceed with proof of damages until more than 2½ years after filing its Complaint, and actively sought for the case to remain stayed until it the stay order was lifted by Judge Bennett on October 7, 2018.

For these reasons, Long has felt it necessary to correct what is clearly an erroneous, inaccurate, and misleading characterization as to the Nature of the Case and the Claims as set forth in Skanska's Supporting Memorandum.

**II.     Compensatory Damages and Related Expenses**

With respect to Skanska's claimed compensatory damages, expert disbursements, and legal fees disbursements, Long acknowledges that it lacks expert testimony to contest the damages alleged to have been sustained by Plaintiff with respect to these categories. Long would note, however, that this Court has discretion in its review and award of the various categories of damages, especially with respect to the claimed legal fees and disbursements. Long respectfully suggests that Skanska's legal fees should be reduced to reflect an appropriate reduction for the fact that Skanska filed its lawsuit in advance of quantified damages and then delayed the proceedings for 2½ years until it was actually prepared to move forward with its claim.

**III.   Pre-Judgment Interest**

Skanska has requested pre-judgment interest at the rate of 6% be calculated on the total sum of $1,927,534.54 calculated from January 12, 2017 to the date of judgment.  Respectfully, Long contends that Skanska's calculation formula is erroneous.  The record submitted by Skanska reveals an initial fixed price contract with Lindman in the amount of $797,354.00 followed by four Change Orders (**ECF #s 81-2 through 81-6**) as follows:

| | | |
|---|---|---|
| 001 | 08/25/17 | $268,080.35 |
| 002 | 10/20/17 | $187,157.19 |
| 003 | 10/27/17 | $193,616.40 |
| 004 | 10/30/17 | $143,424.60 |

Exhibit 7 to the Skanska's Supporting Memorandum (**ECF # 81-8**) provides evidence of the supporting cancelled checks issued by Skanska to Lindman with payment dates and amounts as follows:

| | |
|---|---|
| 01/13/17 | $198,004.56 |
| 02/28/17 | $47,383.58 |
| 04/11/17 | $177,220.00 |
| 10/12/17 | $252,328.82 |
| 11/22/17 | $162,141.48 |
| 12/15/17 | $304,233.90 |

The cancelled checks support payments in the amount of $1,141,312.30.

Moreover, Skanska's Supporting Affidavit of Joseph Kifus (**ECF # 81-50**) indicates that there is currently a dispute between Skanska and Lindman as to the amount owed, and that while Skanska is claiming an amount of $1,595,917.54 against Long for repair costs, that amount has

4

apparently not been paid in full, as the Kifus Affidavit notes that Skanska is withholding a certain undisclosed retainage (**ECF # 81-50, paragraphs 8-9**).

As a result, Skanska is erroneously seeking pre-judgment interest on a total sum from a date (01/12/17) when such total sum did not exist and on a sum of money before Skanska actually incurred a loss or expense in connection therewith.  Long contends that to the extent Skanska is entitled to pre-judgment interest, the interest should be calculated on the various sums set forth above and from the date(s) the claimed losses were actually incurred rather than combining the various payments incurred over the course of 2017 and applying the total sum retroactively to January 12, 2017.

BACON, THORNTON & PALMER, L.L.P.

*/s/ Edward C. Bacon*
Edward C. Bacon, # 01256
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, MD  20770
(301) 345-7001
ebacon@lawbtp.com
*Attorneys for Defendant J.D. Long Masonry, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of August, 2019, a copy of the foregoing Response of J.D. Long Masonry, Inc. to Plaintiff's Motion for Summary Judgment Compensatory Damages, P)re-Judgment Interest, and Attorneys' Fees was electronically filed and served upon all counsel of record.

*/s/ Edward C. Bacon*
Edward C. Bacon